Farmers' L. & T. Co. *v.* Toledo & S. H. R. Co., (Young, Intervenor.)

(*Circuit Court, W. D. Michigan, S. D.* August 20, 1890.)

Mortgage—Foreclosure—Interpleader.

    A judgment creditor, who has levied on the property of his debtor after it has come into possession of a receiver appointed in a foreclosure suit, which, the creditor alleges, was collusively brought in order to defeat his recovery, may, on disclaiming any intention to interfere with the possession of the receiver, be permitted to intervene in the foreclosure suit.

In Equity. On petition for intervention.

*Russel & Campbell* and *Turner, McClure & Rolston,* for complainant.
*Edward R. Annable,* for defendant.
*Bondeman & Adams,* for intervenor.

Severens, J. It appears that the petitioner, Young, as the result of a litigation in the state courts between him and the defendant railroad company, obtained a decree in the supreme court of the state for the sum of $3,500, on the 28th day of December, 1889, which was, by the terms of the decree, payable to him on the surrender of certain certificates of railroad stock in a company which had been consolidated with another to form the defendant company. Upon a subsequent application to that court, showing that a tender had been made of the certificates, and pay-

ment of the money refused, the supreme court, on the 9th day of April, 1890, made a supplemental order that the complainant, Young, have execution for the amount of his decree against the defendant. Certain conditions to the issuance of the process having been complied with, an execution was accordingly issued out of the said supreme court on the 10th day of June, and the same was on the 16th of the same month levied on all the real estate and personal property of the company. Meantime, and on the 11th of June, the Farmers' Loan & Trust Company filed in this court its bill to foreclose a mortgage given by the defendant railroad company upon all its said property to it, as trustee for the holders of the company's bonds mentioned in the mortgage, and, pursuant to stipulations in the mortgage professing to authorize it upon default of payment of the money due on the bonds,.made an application for the appointment of a receiver to take and manage the mortgaged property. The railroad company appearing and assenting thereto, a receiver was accordingly appointed on the same day. The receiver qualified, and took possession on the 12th of June, and has been in the management of the property since that time. Thus, at the date of the levy of the execution, the property was in the hands of the receiver of this court. Young complains that the present suit is collusive, and is designed to prevent his enforcing collection of the amount decreed in his favor by the supreme court. He alleges, in substance, that the bonds in question were never negotiated, and that there is nothing due thereon; that, notwithstanding this, the railroad company makes no defense, but has suffered default; and that the complainant is likely to obtain a decree for the whole amount named in the bonds, and for a sale of the mortgaged property to satisfy the same. He therefore asks to be allowed to intervene, and be at liberty to defend the suit. This the complainant resists, and insists that (1) the petitioner is in contempt by his levy, and therefore not entitled to move the court for any relief; (2) that, the levy being void, he has no standing thereon, and he is therefore simply a creditor at large, having no lien, and that such a creditor is not entitled to intervene. It is further suggested that Young would have his remedy against any fraudulent decree that might be rendered here by an independent bill filed for that purpose. All these propositions are *prima facie* sound, but it is evident that, if the facts be as Young's petition alleges, the court, by a stringent application of them, would permit itself to be an agency for perpetrating a fraud by its decree, relief from which could only be obtained by overreaching such decree by an independent suit. No attempt has been made by Young to get possession under his levy, or to disturb the receiver, and his counsel declared at the hearing of this motion, and, I am satisfied, in good faith, that the levy was made for the sole purpose of getting a foothold on which to make the present application, and with no intention to disturb the receiver, or to dispute the authority of this court. I do not see that a levy thus.made in subordination to the authority of this court would injuriously affect the rights of the present parties, when the same party submits to the jurisdiction here, and must, of course, be bound by the order and decree

which the court may make in this case. In my opinion the court would assert its dignity with a needlessly high hand if it rejected an application to come in and prevent the court from being made the agent of wrong by parties acting collusively, upon purely artificial reasons. If what Young alleges is true, the court, with only the present parties on the record, would find no other way than to go on to decree a sale, giving title to the purchaser of the mortgaged property, turning over the proceeds to parties having no right, and thus deprive a judgment creditor, who was on the threshold, at the time of this court's taking cognizance of the case, of all remedy, unless it be the circuitous one of an independent bill. In my opinion the proper course is to take the precaution in the principal case, if the means are afforded. It may turn that out all these charges made by Young are unfounded; but there is sufficient color to them to require the court to give them attention. At the hearing an offer was made on behalf of the petitioner to release the levy made altogether, or with leave to make a new one in terms subordinate to the receiver's possession, and the control of the court in this cause, as this court might direct. In my opinion it is not necessary to do this. A party may purge himself of actual contempt by oral explanation before the court, and upon the petitioner being admitted the court will have full control of his levy. Whether actual possession under a levy is necessary to the perfection of a lien by execution I do not consider, for I am impressed that an inchoate levy is sufficient, and am inclined to think that the court ought to concede the right to intervene where its process by concurrence of the original parties has interrupted the creditor with an execution in his hand, and a purpose to forthwith levy it, and the object of using such process is to defeat the creditor; and that an actual levy might be dispensed with. An order may be entered giving the petitioner leave to intervene as a defendant, and to answer the bill within 20 days after the entry of this order.